

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 2 3 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

CYNTHIA MCKINNEY, INDIVIDULLY AND AS
ADMINISTRATRIX FOR THE ESTATE OF
GLEN S. MCKINNEY, DECEASED

          **PLAINTIFF**        CIVIL ACTION NO. 4:20-cv-80-KGB
                              JURY TRIAL DEMAND

V.

UNITED STATES OF AMERICA      This case assigned to District Judge Baker
                       and to Magistrate Judge Ray

          **DEFENDANT**

## COMPLAINT

Comes the Plaintiff, Cynthia McKinney, Individually and as Administratrix or the Estates of Glen S. McKinney, Deceased, by and through the undersigned attorney and for her Complaint against the above-named Defendant on the following grounds:

1.   This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

2.   On August 18, 2018, the Plaintiff filed a Federal Tort Claim with the Department of Veterans Affairs on behalf of the Estate of Glen S. McKinney, deceased.

3.   The Federal Tort filed on behalf of the Estate of Glen S. McKinney was denied on August 1, 2019.

4.   That pursuant to 28 U.S.C. § 2401, the Plaintiff is filing this suit within six months of the denial of the administrative tort claim.  (Exhibit "1" Denial of Federal Tort Claim)

5.   Venue is proper within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred in the Eastern District of Arkansas, Little Rock, Pulaski County, Arkansas.

**PARTIES**

**6.**   That Plaintiff, Cynthia McKinney, was appointed as the Administratrix for the Estate of Glen S. McKinney, deceased in the Circuit Court of Pulaski County, Arkansas on the December 15, 2017.

7.   That the United States of America is the proper defendant under the Federal Tort Claims Act.

**FACTS**

8.   On 2/19/2017, Glen S. McKinney, deceased was transported to the Veterans Administration Hospital in Little Rock by ambulance.

9.   Upon arrival 0n 2/19/17 at the Veterans Administration Hospital in Little Rock, the decedent, Glen S. McKinney was experiencing chronic low back and going down both legs and could not stand.   Glen S. McKinney's pain score was 10 out 10.

10.   The decedent to the emergency room at the Veterans Administration Hospital on 2/21/17 with bilateral leg weakness, dizziness and weakness and was admitted.  The decedent, Glen S. McKinney later expired consequent to sepsis, an extensive spinal epidural abscess/infection and multiple complication.

**CAUSE OF ACTION**

11.   The Defendant, the United States of America, through its agents, servants and employees are guilty of one or more of the following acts of negligence, each and every such act

2

being a direct and proximate cause of the Plaintiff's injuries and pain and suffering and wrongful death.

12.   That the Defendant through its agents, servants and employees negligently and carelessly deviated from the standard of care required and expected by the Defendant by failing to make a proper diagnosis of an acute spinal emergency that was unresponsive to narcotic analgesia

13.   That the Defendant through its agents, servants, and employees negligently and carelessly deviated from the standard of care required and expected by emergency physicians and nurses by failing to order diagnostic imaging and testing and appropriate medical screening examination designed to exclude reasonably likely emergency medical condition.

14.   That the Defendant through its agents, servants and employees negligently and carelessly deviated from the standard of care expected by emergency physicians and nurses in failing to diagnosis an acute spinal emergency requiring admission and additional care and stabilization.

15.   That the Defendant through its agents, servants, and employees negligently and carelessly failing to comply with the standard of care was the proximate cause of the death of the decedent, Glen S. McKinney on March 10, 2017.

16.   That Plaintiff, specifically alleges that the Defendant, the United States of America, through its agents, servants and employees acting within the scope of their employment was negligent in the medical care and attention rendered to the Plaintiff's decedent, Glen S. McKinney, in failing to recognize an acute spinal emergency, and perform appropriate diagnostic testing and/or to make the appropriate referral for treatment, and these omissions were a failure to exercise the degree of care skill and diligence used by medical providers in this community

and/or similar community, under the circumstances presented to them at the time and was the proximate cause of the Plaintiff's decedent's injuries, pain and suffering and death.

## INJURIES AND DAMAGES

17.   That Plaintiff has a direct and proximate cause of the negligence, breach of duty and failed acts or omissions by the Defendant, the United States of America caused the Plaintiff to suffer serious and permanent damages including, but not limited to:

(a)   severe and physical damage to the Plaintiff's decedent's body resulting in extreme pain and suffering that required medical treatment;

(b)   medical expenses and funeral expenses;

(b)   caused to endure severe emotional distress and mental anguish;

(c)   caused to suffer the loss of the normal enjoyment of the pleasure of life;

(d)   caused loss of life damages:

(e)   That Plaintiff, individually and on behalf of the estate recover for mental anguish.

**WHEREFORE**, premises considered, the Plaintiff, Cynthia McKinney, Individually and as Administratrix of the Estate of Glen S. McKinney, deceased, demands:

a.   That process issue and be served upon the Defendant and that it be required to answer in a timely manner or have the allegations herein be deemed admitted and a default judgment entered;

b.   That the Plaintiff be awarded compensatory damages in the amount of that exceeds the jurisdictional amount for diversity cases;

c.   That a jury be empanelled to try this cause;

f.   That the Plaintiff reserves the right to amend this pleading based upon the course of discovery in the cause;

4

g.   That the Plaintiff be awarded all pre-judgment and post-judgment interest

on all verdicts or recoveries and discretionary/non-discretionary costs in

accordance with the law;

h.   All other appropriate relief to which they may be entitled.

Respectfully submitted,

Sheila F. Campbell, Esq.
Attorney at Law
P.O. Box 939
North Little Rock, AR 72115
(AR B#83-239)
(501) 374-0700 (telephone)
(501) 372-5375(fax)
campbl@sbcglobal.net

/s/Sheila F. Campbell
Sheila F. Campbell
Ark. Bar # 83-239



**U.S. Department of Veterans Affairs**

**Office of General Counsel**

**Torts Law Group (02)**
155 Van Gordon Street, Suite 551
Lakewood, CO 80228

Telephone: (303) 914-5820
Fax: (202) 495-6426

In Reply Refer To: GCL 383668

7015 1520 0002 3719 3411

**Certified Mail**

August 1, 2019

Sheila F. Campbell, P.A.
2510 Percy Machin Dr.
North Little Rock, AR 72114

RE: Administrative Tort Claim of Cynthia McKinney on
    Behalf of the Estate of Glen S. McKinney

Dear Ms. Campbell:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your client's administrative tort claim received by the Department of Veterans Affairs, Office of General Counsel on August 10, 2018. We extend our deepest condolences for the family's loss. Our adjudication of your client's claim included a review of the Veteran's medical records, interviews with medical personnel, and a review of the claim by a medical reviewer in a different part of the country.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which you filed your client's claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances. Our review concluded that there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA), acting within the scope of his or her employment that caused your client compensable harm. Accordingly, your client's claim is hereby denied.

If your client is dissatisfied with the denial of her claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

Cynthia Hernandez
Deputy Chief Counsel

Exh "1"