THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CYNTHIA MCKINNEY, Individually and as Administratrix**
**for the Estate of Glen S. McKinney, Deceased**                                    **PLAINTIFF**

**v.**                            **Case No. 4:20-cv-00080-KGB**

**UNITED STATES OF AMERICA**                                                    **DEFENDANT**

## ORDER

Before the Court is plaintiff Cynthia McKinney's letter to the Court docketed as a motion to dismiss (Dkt. No. 20). After granting attorney Sheila F. Campbell's unopposed motion to withdraw as attorney of record for Ms. McKinney, the Court gave Ms. McKinney until October 11, 2022, to inform the Court whether she had retained new counsel or would prosecute this case *pro se* (Dkt. Nos. 17; 19). The Clerk of Court docketed Ms. McKinney's letter as a motion to dismiss on October 11, 2022 (Dkt. No. 20). In her letter, Ms. McKinney states: "[n]o legal counsel has been obtained and the case will not proceed pro se" (*Id.*). Ms. McKinney then writes: "[i]f possible, we would like the case to be dismissed without prejudice instead of dismissed" (*Id.*).

In order for this case to proceed, Ms. McKinney must either retain counsel or proceed without counsel *pro se*. However, the situation presented by this case is more complicated, given that Ms. McKinney purports to sue both in her individual capacity and in her capacity as the administratrix for the Estate of Glen S. McKinney, deceased. Although she may proceed *pro se* in her individual capacity on claims she may bring in her individual capacity based on allegations in the complaint, under controlling law she may not proceed *pro se* as the administratrix on claims she brings in that capacity if she is a non-attorney administratrix and if there are other beneficiaries or creditors of the estate. *See Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951–52

(8th Cir. 2005) (prohibiting a non-attorney administrator of an estate from proceeding *pro se* when there are other beneficiaries or creditors of the estate).

From her request that this case "be dismissed without prejudice instead of dismissed" (Dkt. No. 20), the Court understands Ms. McKinney to seek a dismissal which would allow her to bring this case again at a later date.  However, at this point in time, the applicable statute of limitations in this Federal Tort Claims Act case gives the same practical effect to a dismissal with or without prejudice.  In short, if the Court dismisses this case with or without prejudice, Ms. McKinney will be "forever barred" from seeking redress for the alleged wrongdoings.  28 U.S.C. § 2401.  Therefore, the decision of whether to request that the Court dismiss this case at this time carries significant weight.

For these reasons, the Court, on its own motion stays this case to and including April 30, 2024.  The Court also directs Ms. McKinney to submit a written filing by April 30, 2024, that details whether, in the light of this Order, she has retained counsel or will proceed *pro se*.

In her written filing, Ms. McKinney must choose and state clearly whether she has obtained legal counsel or will proceed *pro se*.  There is no other way for this case to proceed to a dismissal or to the next phase of litigation.

Should Ms. McKinney indicate that she intends to proceed *pro se*, for this Court to permit her to proceed *pro se* on claims she brings in her capacity as the administratrix for the Estate of Glen S. McKinney, deceased, she must also submit an addendum to her complaint indicating that she is the sole beneficiary of Mr. McKinney's estate and that the estate has no creditors.

If Ms. McKinney in her written filing persists in her request to have this case dismissed, the Court understands that she acknowledges that she will be "forever barred" from seeking redress for the alleged wrongdoings should the Court grant dismissal.  28 U.S.C. § 2401.

If Ms. McKinney fails to comply with this Court's Order, the Court may dismiss her complaint for failure to comply with the Court's Order under Local Rule 5.5 of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas  *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that *pro se* litigants are owed liberal construction of the documents they file); *but see also Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (stating that *pro se* litigants must comply with substantive and procedural law).

For the foregoing reasons, the Court stays this case until April 30, 2024.  Ms. McKinney's letter docketed as a motion to dismiss remains under advisement (Dkt. No. 20).

It is so ordered this 14th day of March, 2024.

*/s/ Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge